<u>FOR PUBLICATION</u>

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                             :       Chapter 7

In re:                                              :

                                                        :       Case No. 13-35085 (cgm)

      John and Jean Garland,                   :

                                  Debtor(s).   :

                                                        :
---------------------------------------------------------------X

**MEMORANDUM DECISION GRANTING MOTION TO REOPEN CASE**

**A P P E A R A N C E S :**

Raymond A. Levites
10 East 40th Street
Suite 3307
New York, New York 10016
*Attorney for Movants*

Gary R. Gjertsen
Clair & Gjertsen
720 White Plains Road
Suite 381
Scarsdale, NY 10583
*Attorney for Debtors*

**CECELIA G. MORRIS**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

       After this chapter 7 case was discharged and closed, the Movants filed a motion to reopen to pursue an adversary proceeding to except a debt from discharge. Debtors oppose the motion, arguing that the deadline to object to dischargeability has passed. The Court finds cause to reopen the case to allow the Movants to pursue an adversary complaint under section 523(a)(3)(B).[1]

---

[1] Unless otherwise noted, all sectional references are to the United States Bankruptcy Code, 11 U.S.C. §§ 101 – 1532 (2012).

### Jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and the Amended Standing Order of Reference signed by Chief Judge Loretta A. Preska dated January 31, 2012.  This is a "core proceeding" under 28 U.S.C. § 157(b)(2)(I) (determinations as to the dischargeability of particular debts); 28 U.S.C. 157(b)(2)(A) (matters concerning the administration of the estate).

### Background

**I. Case history.**

This chapter 7 case was filed by the Debtors on January 15, 2013.  Vol. Pet. 1, ECF No. 1.  The Movants on this motion to reopen, Terry Brogan and Aligned Resources Management, LLC, were not listed as creditors on the Debtors' initial schedules.  Vol. Pet. 7-18, ECF No. 13.

The initial section 341 meeting was scheduled for February 14, 2013.  Ntc. 341 Mtg. 1, ECF No. 6.  The last day to oppose the discharge of the Debtors was set for April 15, 2013.  *Id.*; *see also* Fed. R. Bankr. P. 4007(c) ("[A] complaint to determine the dischargeability of a debt under §523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a).").  The trustee marked this case a no-asset case on February 14, 2013.  On April 11, 2013, four days before the deadline to object to discharge, the Debtors filed an amended Schedule F that listed the Movants as creditors holding general unsecured claims.  Am. Sched's 10, ECF No. 23.  Both Movants were listed as holding disputed claims.  *Id.*  The affidavit of service indicates that the Movants were served a copy of the amended Schedule F on May 7, 2013 via regular mail.  Aff. Serv. 1-2, ECF No. 25.

On June 12, 2013, an order of discharge was entered.  Order D'chg 1, ECF No. 26.  The case was subsequently closed on June 12, 2013.  *Id.*  Movants filed an adversary complaint on

July 9, 2013, seeking to except a debt from discharge under paragraphs (2) and (4) of section 523(a).  Adv. Compl. 1, ECF No. 28.

## II. The adversary complaint.

The complaint alleges that Debtor, John Garland ("Garland"), third party, Afsaneh Berjis, and Movant, Terry Brogan, worked together at an international advertising agency.  *Id.* at 4.  Movants state that Garland and Berjis created their own advertising firm and invited Brogan to join them in the new limited liability company called Aligned Resources Management, LLC ("ARM").  *Id.*  According to the complaint, during ARM's existence, Berjis and Garland created Armory Interactive LLC ("Armory") to divert assets and profits from ARM.  *Id.* at 7.  Armory was also allegedly used to siphon clients from ARM.  *Id.* at 8.

Movants allege that Garland colluded with a former colleague to pay extravagant sums of money to the colleague's company as consulting fees.  *Id.*  Garland and Berjis allegedly purchased personal items through ARM, including family trips to India and London, expensive Prada clothing, Michael Kors shoes and handbags, personal waste removal from Garland's home, airplane flights for a hunting trip, horse riding equipment, personal rent, and living expenses.  *Id.* at 5-6.  According to the complaint, financial records were not maintained in accordance with ARM's operating agreement.  *Id.* at 6.

The complaint alleges that a state court action in the Supreme Court of the State of New York, County of New York was filed on June 22, 2012 against Garland and others.  Compl. 1, ECF No. 28.  In that action, Garland sought to compel arbitration on September 5, 2012.  *Id.*  That motion was granted on November 29, 2012.  *Id.*  The bankruptcy was filed January 15, 2013.  *Id.*  According to the complaint, Garland participated in the arbitration through April 2013, well after filing bankruptcy.  *Id.* at 2.  Movants state that on April 17, 2013, counsel to

Garland in the state court case sent an email to the American Arbitration Association informing the Association of the bankruptcy filing. *Id.* at 3. The email was sent simultaneously to Movants' counsel. *Id.* According to Movants, this was the first time they learned of the bankruptcy filing. *Id.* This email was apparently sent two days after passage of the deadline to object to discharge.

The complaint raises a cause of action for fraud under section 523(a)(2). *Id.* at 11-12. The complaint raises embezzlement and defalcation in a fiduciary capacity under section 523(a)(4). *Id.* at 12. The complaint points to section 523(a)(3), arguing that the debt is nondischargeable despite the passage of the deadline to object to discharge. *Id.* at 3-4.

### III. The motion to reopen.

Movants filed this motion to reopen on July 29, 2013. Mtn. 1, ECF No. 29. The affirmation attached to the motion argues that the facts raised in the complaint give rise to causes of action under paragraphs (2) and (4) of section 523(a). Levites Affirm. 2, ECF No. 29. The affirmation argues that the case should be reopened to allow the complaint to proceed under section 523(a)(3). *Id.* at 5. According to the affirmation, counsel for Garland participated at an April 12, 2013 status conference before the arbitrator, three days before the deadline to object to discharge passed. *Id.* at 4. The affirmation also states that the Debtor participated in arbitration post-petition in other ways, including objections to proposed arbitrators. *Id.* at 3.

### IV. Debtors' opposition to the motion to reopen.

Debtors oppose the motion to reopen, stating that there are narrow exceptions to the absolute time bar of Federal Rule of Bankruptcy Procedure 4007(c). Dr's Opp'n 4, ECF No. 34. According to the Debtors, there are only three limited exceptions to Federal Rule of Bankruptcy Procedure 4007(c): waiver, estoppel, and equitable tolling. *Id.* According to Debtors, they have

never expressed any desire to waive the deadline. *Id.* at 7. Debtors assert they did not make any misrepresentation giving rise to equitable estoppel, as the Movants by their own admission did not have knowledge of the proceedings. *Id.* Debtors argue that equitable tolling should not be applied to this case, as the notice afforded in the April 17, 2013 email provided Movants with sufficient time to bring a complaint before the discharge was entered on June 14, 2013. *Id.*

Debtors point out that motions to reopen are not granted where the underlying claim for relief is meritless. *Id.* at 3. Debtors believe the underlying claim here is without merit due to the passage of the time limitation. *Id.* at 7. Debtors also state that the complaint constitutes mere retaliation for a "long and rocky history" between Garland and Brogan. *Id.* at 6.

## Discussion

**I. Motions to reopen are not granted if there is no potential relief.**

Section 350(b) of the Bankruptcy Code provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." Motions to reopen are committed to the sound discretion of the court. *In re Clark*, 465 B.R. 556, 559 (Bankr. D. Idaho 2011).

Debtors are correct in arguing that a motion to reopen will not be granted if the underlying request for relief is meritless. "[T]here must be some potential relief that is available to a movant in a reopened case; otherwise reopening is pointless, and the § 350(b) motion will be denied." *Id.* (citations omitted).

**II. A creditor can miss the deadline to object to discharge and still hold a claim of nondischargeability under section 523(a)(3)(B).**

Section 523(a)(3) states that the chapter 7 discharge of an individual does not apply to any debt:

> (3) neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
>
>> (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
>>
>> (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;

As this case was not an asset case, section 523(a)(3)(A) does not apply. *In re Mendiola*, 99 B.R. 864, 866-67 (Bankr. N.D. Ill. 1989). The Movants would not file a proof of claim, as there was no estate to divide amongst claimants. *Id.* at 867 ("[T]he rulemakers did not specify the time for filing claims, with appropriate exceptions for no-asset cases, in which filing a claim is useless.") (citing Fed. R. Bankr. P. 3002(c)(5)).

Section 523(a)(3)(B) contains four conditions. The creditor must be known to the debtor, the debt must not have been scheduled in time for the creditor to file a nondischargeability complaint, the creditor cannot have notice or actual knowledge of the bankruptcy case, and the debt must be "of a kind" enumerated in paragraphs (2), (4), and (6) of section 523(a).

A. <u>The Creditor must be known to the Debtor.</u>

Here, the Movants state facts indicating they were known creditors of the Debtors. For example, Garland allegedly participated in arbitration with the Movants up until April of 2013, including attendance by Debtors' counsel at a status conference on April 12, 2013. The state court action was filed on June 22, 2012, well before the petition date of January 15, 2013.

B. <u>The debt must not be scheduled in time for the creditor to file a nondischargeability complaint.</u>

The last day to object to dischargeability in this case was April 15, 2013. The Movants were not scheduled until April 11, 2013. The amended Schedule F was not served until May 7, 2013. By not serving the Schedule F until after the last day to object passed, the Debtors did not afford the Movants sufficient time to object to discharge.

C. <u>The creditor cannot have notice or actual knowledge of the bankruptcy case.</u>

Debtors do not assert that Movants were given notice before the April 17, 2013 email from Garland's counsel. Debtors instead argue that the April 17, 2013 notice was sufficient to provide the Movants time to object before the entry of the discharge on June 12, 2013. Under section 523(a)(3)(B), the entry of the discharge is not the relevant date. Section 523(a)(3)(B) applies where notice is insufficient to allow "timely request[s] for a determination of dischargeability . . . ." The deadline to object to discharge under paragraphs (2), (4), and (6) of section 523(a) passed on April 15, 2013. Fed. R. Bankr. P. 4007(c). Notice provided after the deadline would provide the Movant with insufficient time to file a complaint. *See, e.g., Mfrs. Hanover v. Dewalt (In re Dewalt),* 961 F.2d 848, 851 (9th Cir. 1992) (noting that in most cases 30 days' notice prior to the deadline is required); *In re Walker,* 149 B.R. 511, 515–17 (Bankr. N.D. Ill. 1992) (twenty days prior to bar date was insufficient).

Debtors argue that the Movants slept on their rights by not filing a complaint until approximately two months after receiving the email informing Movants' counsel of the bankruptcy. The Bankruptcy Appellate Panel for the Eighth Circuit recently addressed this issue in *In re Petty*, 491 B.R. 554, 560 (B.A.P. 8th Cir. 2013). In that case, the bankruptcy court dismissed an adversary complaint under section 523(a)(3)(B) where the plaintiffs filed the complaint sixty-four days after receiving actual knowledge. *Id.* The bankruptcy court held that "equity would not protect their inaction." *Id.* The Bankruptcy Appellate Panel reversed, finding

that neither the Bankruptcy Code nor Bankruptcy Rules impose a deadline for filing a complaint under section 523(a)(3)(B). *Id.* "In other words, if a creditor with a debt of the kind specified in § 523(a)(2), (4), or (6) did not receive actual knowledge of the bankruptcy case in time for timely filing of a request for determination of dischargeability, the inquiry ends there—the debt is not discharged." *Id.*

Similar reasoning was followed by a bankruptcy court in this Circuit. In *In re Bartomeli*, 303 B.R. 254, 269 (Bankr. D. Conn. 2004) ("Overstating the matter only slightly, a section 523(a)(3)(B) complaint as to nondischargeability of a debt can be brought any time, any place."). This Court agrees with *Petty* and *Bartomeli*. Federal Rule of Bankruptcy Procedure 4007(b) states that "[a] complaint other than under § 523(c) may be filed at any time." Section 523(c) includes section 523(a)(2), (4), and (6) claims, not section 523(a)(3) claims. "Where, as here, debtors fail to schedule debt, [Federal Rule of Bankruptcy Procedure] 4007(b) specifically affords the creditor the right to litigate the dischargeability of alleged intentional tort debt outside the prescribed time limits." *In re Candidus*, 327 B.R. 112, 117 (Bankr. E.D.N.Y. 2005) (citations omitted).

D. <u>The cause of action must be "of a kind" enumerated in section 523(a)(2), (4), or (6).</u>

Courts are divided as to whether the claimant must prove that it would have ultimately prevailed in the underlying causes of action, or whether the claimant need only show a colorable claim "of the kind" that section 523(a)(3) contemplates. *Bartomeli*, 303 B.R. at 267-68. Some cases hold that Congress did not intend for the penalty imposed by section 523(a)(3) to affect substantive law. *Id.* at 269. Other courts find that the penalty should be harsh, as the omission of a creditor "robs the creditor of the ability to participate in the various stages of the case."

*Haga v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA (In re Haga)*, 131 B.R. 320, 326 (Bankr. W.D. Tex. 1991).

Under either viewpoint, reopening this case would not be a waste of judicial resources. If the underlying complaint is colorable, the Movant either prevails entirely or can move forward to prove the merits of the causes of action. The Court finds that the complaint is not meritless for purposes of deciding to reopen the case.

The elements of a section 523(a)(2)(A) claim are:

> (1) the debtor made the representations; (2) at the time he knew they were false; (3) the representations were made with the intention and purpose of deceiving the creditor; (4) the creditor relied on such representations; and (5) the creditor sustained the alleged loss and damage as the proximate result of the representations having been made.

*Shiboleth v. Yerushalmi (In re Yerushalmi)*, 393 B.R. 288, 295 (Bankr. E.D.N.Y. 2008) (quotation omitted). Here, it does not appear that reopening the case would be a waste of time. Garland allegedly misrepresented that he was using company credit cards for ordinary business expenses. The complaint also accuses Garland of misrepresenting that the Armory entity was a division of ARM, when it was actually used to siphon money from ARM.

"Under Section 523(a)(4), debts that are based on fraud or defalcation are nondischargeable where the debtor owed the creditor a fiduciary duty." *In re Moses*, 2013 WL 3804721, at *11 (Bankr. E.D.N.Y. July 19, 2013). Under New York law, managers of limited liability companies owe fiduciary duties to the company and to the members of the company. *Weidberg v. Barnett*, 752 F.Supp.2d 301, 307 (E.D.N.Y. 2010) (citing *Berman v. Sugo LLC,* 580 F. Supp.2d 191, 204 (S.D.N.Y. 2008)).

In *Bullock v. BankChampaign, N.A.*, 133 S.Ct. 1754, 1757 (2013), the Supreme Court defined defalcation as a fiduciary as a mental state "involving knowledge of, or gross

recklessness in respect to, the improper nature of the relevant fiduciary behavior." This includes conduct where the fiduciary "consciously disregards . . . a substantial and unjustifiable risk that his conduct will turn out to violate a fiduciary duty." *Id.* at 1756 (internal quotations omitted). Here, the complaint does not appear to be meritless for purposes of reopening the case. Garland purportedly competed directly with the Movants and misappropriated ARM's assets while acting as a managing member.

Embezzlement under section 523(a)(4) is distinct from defalcation. *Bullock*, 133 S.Ct. at 1760. Embezzlement requires conversion; defalcation does not. *Id.* (citations omitted). Embezzlement may be broken into five elements: "(1) entrustment to the debtor of (2) property (3) of another (4) which the debtor appropriates for his or her own use (5) with intent to defraud." *Yankowitz Law Firm, P.C. v. Tashlitsky (In re Tashlitsky)*, 492 B.R. 640, 647 (Bankr. E.D.N.Y. 2013) (quoting *Race Place of Danbury, Inc. v. Scheller (In re Scheller),* 265 B.R. 39, 53 (Bankr. S.D.N.Y. 2001)). Here, the complaint again does not appear meritless for purposes of reopening the case. Garland, allegedly acting as manager of ARM, is accused of diverting ARM funds for personal use.

### III. Debtors' reliance on Federal Rule of Bankruptcy Procedure 4007(c) is misplaced in light of section 523(a)(3)(B).

Debtors argue that Federal Rule of Bankruptcy Procedure 4007(c)'s deadline can only be overcome through waiver, estoppel, or equitable tolling. This argument ignores the effect of section 523(a)(3)(B). Section 523(a)(3)(B) provides a separate cause of action for nondischargeability. While the underlying causes of action must be of a kind contemplated in section 523(a)(2), (4), and (6), the statute of limitations applicable section 523(a)(2), (4), and (6) is not applicable to section 523(a)(3)(B). "In effect, the penalty for failure to schedule such a debt is not nondischargeability but is the loss of the 60-day limitations period applicable in such

dischargeability determination actions . . . ." 4 Collier on Bankruptcy ¶ 523.09[1] (16th ed. 2012).

The case *In re Clark*, 465 B.R. 556 (Bankr. D. Idaho 2011) cited by Movants is applicable. In that case, the movants in a motion to reopen filed a complaint in district court after the discharge was entered. *Id.* at 558. According to the movants, the factual allegations occurred prior to the filing of the petition. *Id.* It remained to be determined whether the claim rose to the level of nondischargeability under section 523(a)(6). *Id.* at 562. Nonetheless, reopening was warranted to allow the claimants to bring the adversary proceeding required to pursue a section 523(a)(3)(B) claim. *Id.*

### IV. There is no reopening fee in this case.

Federal Rule of Bankruptcy Procedure 4007(b) states that "[a] complaint other than under § 523(c) may be filed at any time." Federal Rule of Bankruptcy Procedure 4007(b) also states that "[a] case may be reopened without payment of an additional filing fee for the purpose of filing a complaint to obtain a determination under this rule." Section 523(c) references paragraphs (2), (4), and (6) of section 523(a). A section 523(a)(3)(B) complaint is not a section 523(c) complaint, as it is a separate cause of action. There is no fee for reopening this case.

### Conclusion

For the foregoing reasons, the Court grants the motion to reopen the case. Movants should submit an order reopening the case without fee. No trustee shall be appointed.

Dated: Poughkeepsie, New York
      November 15, 2013      /s/Cecelia G. Morris
                                  CECELIA G. MORRIS
                                  CHIEF UNITED STATES BANKRUPTCY JUDGE